By the Court.
In 1859 an unimproved lot in the city of C. was sold for taxes, and after two years a deed was duly made by the auditor, conveying.it to the purchaser, S. S., and those claiming under him, paid taxes and assessments on the lot and made permanent improvements thereon. L., holding title by deed from S., mortgaged the prem *344 ises to R. L. & Co. to secure a debt. After default, R. L. & Co. sued in the common pleas on the mortgage. Pending said suit, N. began an action in the superior court of said city against L. and R. L. & Co., claiming 'title paramount to L. and his grantors, and recovered the premises. Neither defendant set up any claim under the occupying claimant law for the improvements, or asked reimbursement for taxes and assessments paid. Afterward L. R. & Co. obtained a decree against L. in the foreclosure suit, and N. conveyed the lot to R., who had notice of the above stated facts. R. L. & Co. then sued R., claiming to recover the taxes and assessments paid, and the value of the improvements made by L. and his grantors. Meld: This claim, if valid, should have been set up in the action in the superior court, and is barred by that judgment.